UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15--CV-21909-KMW

WELLINE LUBIN, an individual,

    Plaintiff,

v.

BURGERFI INTERNATIONAL, LLC,
A Foreign Limited Liability Company,
BURGERFI HOLDINGS, LLC, a
Foreign Limited Liability Company,
BURGER GUYS OF AVENTURA, LLC,
d/b/a BURGERFI, a Florida Limited
Liability Company,

    Defendants.
_____/

## **DEFENDANTS' MOTION TO DISMISS COMPLAINT**

    Defendants, BURGERFI INTERNATIONAL, LLC and BURGERFI HOLDINGS, LLC, hereby respectfully move this Court for an Order dismissing Plaintiff's entire Complaint (D.E. 1) against them pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6).  Defendants seek the dismissal of the Complaint on the ground the Complaint fails to state a claim for which relief can be granted. Plaintiff's Complaint does not allege sufficient facts to state plausible claims for relief against these Defendants. Plaintiff fails to allege that Defendants were her employer. Additionally, Plaintiff's Complaint, therefore, fails to meet the heightened pleading test established by the U.S. Supreme Court in Twombly and Iqbal and should be dismissed. The grounds upon which this Motion is further based are set forth in the accompanying Memorandum in Support.

**MEMORANDUM IN SUPPORT**

**I.  ALLEGATIONS AND CLAIMS IN COMPLAINT AGAINST DEFENDNATS**

Plaintiff, Welline Lubin, has filed a ten-count complaint against Defendants asserting the following claims: quid pro quo sexual harassment in violation of Title VII (Count I); sexually hostile work environment in violation of Title VII (Count II); quid pro quo sexual harassment in violation of the FCRA (Count III); sexually hostile work environment in violation of FCRA (Count IV); retaliation in violation of Title VII (Count V); retaliation in violation of the FCRA (Count VI); battery (Count VII); intentional infliction of emotional distress (Count VIII); negligent retention (Count IX); and negligent supervision (Count X).  Plaintiff alleges in a conclusory fashion that BurgerFi International and BurgerFi Holdings "oversee the operations of Burger Guys of Aventura, LLC d/b/a BurgerFi." D.E. 1, ¶11. Next, Plaintiff states in a conclusory fashion that BurgerFi International and BurgerFi Holdings "are liable for the actions of Burger Guys of Aventura, LLC d/b/a BurgerFi under the theory of respondeat superior." D.E. 1, ¶12.  Other than incorporating the allegations in paragraphs 11 and 12 into each of these claims, Plaintiff does not make any other allegations against Defendants in any of ten counts.

Defendants hereby move to dismiss the Complaint for failure to state a cause of action. First, Plaintiff's Complaint does not sufficiently state any legal relationship between Plaintiff and BurgerFi International, Plaintiff and BurgerFi Holdings or these Defendants and Burger Guys of Aventura that would make BurgerFi International and BurgerFi Holdings liable to Plaintiff under any of the ten counts in the Complaint.  However, Plaintiff fails to allege that these Defendants are employers under either Title VII or the Florida Civil Rights Act ("FCRA"), that the alleged bad actors worked for these Defendants, or that these Defendants knew or should have known about the alleged conduct by Plaintiff's supervisor.  These allegations are essential to state a claim under

the respondeat superior theory. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Henson v. City of Dundee, 682 F.2d 897, 905 (11th Cir.1982).

Next, Plaintiff has raised negligence claims against Defendants without alleging any type of relationship that would impose a duty on these Defendants. Accordingly, her negligence and intentional claims fail to state legally cognizable claims against Defendants. Because Plaintiff's Complaint simply does not state legally sufficient claims against Defendants under the Twombly and Iqbal pleading standard, each of their claims against Defendants should be dismissed.

## II. LEGAL ANALYSIS

### A. Standard on motion to dismiss for failure to state a cause of action.

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests whether a cognizable claim has been adequately stated in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2008). Federal Rule of Civil Procedure 8(a)(2) requires that any claim contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8(a)(2), a complaint must be "plausible on its face." Twombly, 550 U.S. at 570. A claim is plausible on its face where the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff's allegations must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations; however, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 545. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556

U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A court need not have to accept legal conclusions in the complaint as true. See Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. When a plaintiff pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. See id. at 678.

> **B.    Plaintiff has failed to plead any facts in Complaint to demonstrate that Defendants were her employer or had any special relationship with her so as to impose a duty upon them.**

The Complaint contains only the following two legal conclusions regarding Defendants: "BurgerFi International LLC and BurgerFi Holdings, LLC are the corporate entities which oversee the operations of Burger Guys of Aventura, LLC d/b/a BurgerFi." D.E. 1, ¶ 11 and "BurgerFi International LLC and BurgerFi Holdings, LLC are liable for the actions of Burger Guys of Aventura LLC d/b/a BurgerFi under the theory of respondeat superior." D.E. 1, ¶ 12. These legal conclusions are not supported by any factual allegations and are, therefore, not entitled to the assumption of truth. See Iqbal, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

This conclusory allegations is insufficient to establish a respondeat superior claim and employer status, and do not satisfy the pleading standard of Fed. Rule of Civ. Procedure 8. Twombly, 550 U.S. at 555; see Iqbal, 129 S. Ct. at 1949-50; Kivisto v. Miller, Canfield, Paddock

4

& Stone, PLC, 413 Fed.Appx. 136, 138 (11th Cir.2011) (citing Twombly and Iqbal for proposition that recitals of the elements of a cause of action do not suffice).

In order to be liable under a theory of respondeat superior, Defendants must be Plaintiff's employer and the alleged wrong doer must have been employed by Defendants. See Liberty Mutual Insurance Co. v. Electronic Systems, Inc., 813 F.Supp. 802, 806 (S.D.Fla.1993); Vernon v. Margate, 912 F.Supp. 1549 (S.D.Fla.1996); City of Miami v. Simpson, 172 So.2d 435, 437 (Fla.1965). None of those are true. Moreover, Plaintiff has not even made these allegations.

The bottom line is that Plaintiff does not directly claim in her Complaint that she was employed by Defendants or had a special relationship with Defendants and does not state any facts to support her legal conclusion that these Defendants are liable under the theory of respondeat superior. Hence, it is not plausible that these Defendants are liable for any of the claims raised in the Complaint. As such, Plaintiff has failed to assert plausible claims against Defendants.

In order for Plaintiffs to state viable claims against Defendants under Title VII, the FCRA, or any of the other tort claims, Plaintiff must allege sufficient facts demonstrating that BurgerFi International and BurgerFi Holdings were, in fact, her employer. Defendants move to dismiss all claims in the Complaint where they are not Plaintiff's employer. A review of the four corners of the Complaint reveals that Plaintiff does not allege that Defendants are her employer. (D.E. 1). This pleading deficiency warrants dismissal of all claims against Defendants.

It is axiomatic that statutory employment-related claims under Title VII and the FCRA only lie against a plaintiff's employer. It is completely implausible that Plaintiff has any legally cognizable Title VII and the FCRA employment-related claims against BurgerFi International and BurgerFi Holdings for the alleged sexual harassment and retaliation of its franchisee based on the single conclusory statement in the Complaint that Defendants oversaw the operations of franchisee

5

and are responsible under a theory of respondeat superior.  Thus, the Title VII and FCRA sexual harassment and hostile work environment and retaliation claims Plaintiff seeks to assert against Defendants in Counts I-VI of her Complaint fall far short of satisfying the heightened plausibility pleading standard established by the U.S. Supreme Court in Twombly and Iqbal and, therefore, all of Plaintiff's claims against Defendants in the Complaint must be dismissed for failure to state a cause of action.

### 1. Title VII claims must be dismissed.

Although a district court lacks subject matter jurisdiction to entertain a suit against an entity that does not fall under Title VII's statutory definition of "employer**,** 323 F.3d 920 because the issue implicates the merits of the claim, this Court is required to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.  Morrison v. Amway Corp.**,** 323 F.3d 920 (11th Cir. 2003); Garcia v. Copenhaver, Bell & Associates*,* 104 F.3d 1256 (11th Cir.1997); Waziry v. HR Club Management, LLC, No. 13–60333–CIV, 2013 WL 3834392 (S. D. Fla. July 24, 2013). Here the same operative fact determines whether the plaintiff can recover under the statute and the scope of the statute's coverage.

Under Title VII it is "an unlawful employment practice for an **employer** ... to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a) (emphasis added).  Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).   The term "person" is defined to include a corporation. 42 U.S.C. § 2000e(a). Title VII defines "employee" as "an individual employed by an employer**."** 42 U.S.C. § 2000e(f).  Simply put, Title VII is only

applicable to individuals employed by an "employer" with fifteen or more "employees." Since Defendants are not Plaintiff's employer, or even alleged to be Plaintiff's employer, Plaintiff cannot establish this essential element of her claim and all claims under Title VII (Counts I and II. Therefore, these claims must be dismissed for failure to state a cause of action.

### 2. FCRA claims must be dismissed.

Similarly, under the FCRA it is "an unlawful employment practice for an **employer** [t]o discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's , , , sex." § 760.10(1)(a), Fla. Stat. (2015). The FCRA defines an "employer" as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." § 760.02(7), Fla. Stat. (2015). "Person" is defined to include a corporation. § 760.02(6), Fla. Stat. (2015). Since Defendants are not Plaintiff's employer, or alleged to be Plaintiff's employer, Plaintiff cannot establish an essential element of her claims under the FCRA (Counts III and IV). Therefore, these claims must be dismissed for failure to state a cause of action.

### 3. Retaliation claims must be dismissed.

Like the anti-discrimination provisions, Title VII and the FCRA's anti-retaliation clauses prohibit an **employer** from discriminating against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a); § 760.10(7), Fla. Stat. (2015). Since Defendants are not Plaintiff's employer, or alleged to be Plaintiff's employer, plaintiff cannot establish an essential element of her retaliation claims. Therefore, her claims under Title VII and the FCRA for retaliation (Counts V and VI) must be dismissed for failure to state a cause of action.

In additional to dismissing the claims based on discrimination and retaliation for failing to allege the applicability of the employment statutes, the tort claims must also be dismissed for failure to allege any relationship to establish a duty or a breach of that duty.

### 4. Battery claim must be dismissed.

In order to state a cause of action for battery under Florida law, the plaintiff must allege that the tortfeasor made some form of harmful or offensive contact, and that he or she intended to cause the contact. See Chorak v. Naughton, 409 So.2d 35, 39 (Fla. 2nd DCA 1981). Plaintiff does not allege that BurgerFi International or BurgerFi Holdings made any made any harmful or offensive contact with her. Plaintiff simply seeks to hold these Defendants liable under a theory of respondeat superior. But she offers no support whatsoever for her conclusory allegation that they are liable. Without any additional allegation to support this claim, Plaintiff cannot state a cause of action for battery (Count VII). Therefore, this claim must be dismissed for failure to state a cause of action.

### 5. Outrage claim must be dismissed.

To state a claim for intentional infliction of emotional distress or outrage under Florida law, the following four elements must be shown: (1) extreme and outrageous conduct; (2) an intent to cause, or reckless disregard to the probability of causing, emotional distress; (3) severe emotional distress suffered by the plaintiff; and (4) that the conduct complained of caused the plaintiff's severe emotional distress. Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990). Plaintiff does not allege any outrageous conduct by Defendants. Plaintiff simply alleges that Defendants are liable under the respondeat superior theory. However, Plaintiff fails to offer any support for this allegation. As alleged, the conduct does not rise to the level of outrageousness required to state a cause of action. Without any additional allegation to support this claim, Plaintiff

cannot state a cause of action for intentional infliction of emotional distress (Count VIII). Therefore, this claims must be dismissed for failure to state a cause of action.

### 6. Negligent Retention claim must be dismissed.

A claim for negligent retention allows for recovery against an **employer** for acts of an employee committed outside the scope and course of employment. Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986). This theory can be brought against an employer with certain knowledge. Id. None of those allegations are contained in the Complaint. Plaintiff has failed to allege that Defendants are her employer. Without any additional allegation to support this claim, Plaintiff cannot state a cause of action for negligent retention (Count IX). Therefore, this claims must be dismissed for failure to state a cause of action.

### 7. Negligent Supervision claim must be dismissed.

To prevail on a claim of negligent supervision, the plaintiff must demonstrate that the defendant was her **employer** and owes a duty to her, the breach of which is the proximate cause of the plaintiff's injuries." Latson v. Hartford Ins., 2006 WL 485097, *4 (M.D. Fla. Feb. 28, 2006); Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 750 (Fla. 1st DCA 1991) (quoting Williams v. Feather Sound, Inc., 386 So.2d 1238, 1239–40 (Fla. 2d DCA 1980).). Plaintiff has failed to allege that Defendants are her employer. Without any additional allegation to support this claim, Plaintiff cannot state a cause of action for negligent supervision (Count X). Therefore, this claims must be dismissed for failure to state a cause of action.

For the foregoing reasons, this Court should filed that Plaintiff has failed to satisfy the Twombly/Iqbal heightened pleading standard because she has failed to assert any relationship with Defendants or facts demonstrating that her claims were plausible. Plaintiff has not even asserted

that Defendants owed her a duty owed or that Defendants had any knowledge of the alleged actions taken by her employer.

## III. CONCLUSION

For the foregoing reasons, Defendants, BURGERFI INTERNATIONAL, LLC and BURGERFI HOLDINGS, LLC, respectfully moves this Court for an Order dismissing all claims against Defendants in Plaintiff's Complaint.

Respectfully submitted this 1st day of July, 2015.

>                         s/ Elizabeth M. Rodriguez
>                         Elizabeth M. Rodriguez.
>                         Florida Bar No. 821690
>                         FordHarrison
>                         100 S.E. 2nd Street, Suite 2150
>                         Miami, Florida 33131
>                         Telephone: (305) 808-2100
>                         Facsimile:  (305) 808-2101
>                         erodriguez@fordharrison.com
>
>                         Attorneys for Defendants
>                         BurgerFi International, LLC
>                         BurgerFi Holdings, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Elizabeth M. Rodriguez

## SERVICE LIST

Rebecca Radosevich
Rradosevich@LegalBrains.com
Kendrick Almaguer
kalmaguer@LegalBrains.com
The Ticktin Law Group, P.A.
600 West Hillsboro Boulevard, Suite 220
Deerfield Beach, Florida  33441
Telephone: (954) 570-6757
Facsimile:  (954) 570-6760
Attorneys for Plaintiff

Jonathan A. Beckerman
jabeckerman@littler.com
Jorge Zamora, Jr.
jzamora@littler.com
LITTLER MENDELSON, P.C.
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Tel: (305) 400-7500
Fax: (305) 603-2552
Counsel for Defendant,Burger Guys of Aventura, LLC
d/b/a BurgerFi

(via CM/ECF)

WSACTIVELLP:7674643.1